# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER SUNG OHR, REGIONAL DIRECTOR OF REGION 13 OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD<br><br>              **Petitioner**<br><br>    v.<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO<br><br>              **Respondent** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil No.**<br><br>  **Judge**<br>  **Magistrate Judge** |

## PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(l) OF THE NATIONAL LABOR RELATIONS ACT

TO:    The Honorable Judges of the United States District Court for the Northern District of Illinois

Peter Sung Ohr, Regional Director for Region 13 of the National Labor Relations Board (hereinafter "the Board") petitions this Court on behalf of the Board, pursuant to Section 10(l) of the National Labor Relations Act, as amended (61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(l); hereinafter "the Act"), for injunctive relief pending the final disposition of the matters pending before the Board on a complaint of the General Counsel of the Board, charging that International Union of Operating Engineers, Local 150, AFL-CIO, has been and continues to engage in acts and conduct in violation of Section 8(b)(4)(i)(B), 8(b)(4)(ii)(B), and 8(b)(7)(C) of the Act. In support of this Petition, Petitioner respectfully submits the following:

1.      Petitioner is the Regional Director for Region 13 of the Board, an agency of the United States government, for and on behalf of the Board.

2.      Jurisdiction of this proceeding is conferred upon this Court by Section 10(l) [29 U.S.C. Sec. 160(l)] of the Act.

3.      At all times material herein, Respondent, a corporation, has maintained an office and place of business in Countryside, Illinois, where it is now and has been engaged as a labor organization.

4.      On September 18, 2018, Donegal Services, LLC (hereinafter "the Charging Party" or "The Employer"), pursuant to the provisions of the Act, filed a charge with the Board against Respondent in Case 13-CP-227526 alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b)(1) and 8(b)(7)(C) of the Act.  A copy of the charge is attached as Exhibit A.

5.      On September 18, 2018, Donegal Services, LLC (hereinafter "the Charging Party" or "The Employer"), pursuant to the provisions of the Act, filed a charge with the Board against Respondent in Case 13-CC-227527 alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b)(4) of the Act.  A copy of the charge is attached as Exhibit B.

6.      On November 26, 2018,  Donegal Services, LLC (hereinafter "the Charging Party" or "The Employer"), pursuant to the provisions of the Act, filed a charge with the Board against Respondent in Case 13-CC- 231597 alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b)(4) of the Act.  A copy of the charge is attached as Exhibit C.

7.  On December 20, 2018, following a field investigation during which all parties had an opportunity to submit evidence upon the said charges in Cases 13-CP-227526, 13-CC-227527, 13-CC- 231597 the General Counsel by Regional Director, Peter Sung Ohr, on behalf of the Board, issued an Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing, pursuant to Section 10(b) of the Act [29 U.S.C. Sec. 160(b)], alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b)(4)(i)(B), 8(b)(4)(ii)(B) and Section 8(b)(7)(C) of the Act. A copy of the Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing is attached as Exhibit D.

8.  Petitioner has reasonable cause to believe that said charges are true and asserts that there is a likelihood of success that the Regional Director will, in the underlying administrative proceeding in Cases 13-CP-227526, 13-CC-227527, 13-CC- 231597 establish the following:

(a)  At all material times, Charging Party, an Illinois Corporation with a principal business location in Lemont, Illinois, has been engaged in the business of residential demolition, excavating, sewer, and water.

(b)  During the past calendar year ending December 31, 2017, a representative period, Charging Party  purchased and  received at its Lemont, Illinois, facility goods valued in excess of $50,000 from points located outside of the State of Illinois.

(c)  At all material times, Charging Party has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.   [29 U.S.C. 152(2), (6) and (7)].

(d)  At all material times, Respondent has been a labor organization within the meaning of Section 2(5) of the Act. [29 U.S.C. 152(5)].

(e)     At all material times, Tony Deliberto, has served as a business agent for Respondent and has been an agent of Respondent within the meaning of Sections 2(13) and 8(b) of the Act. [29 U.S.C. Sec. 152(13)].

(f)     From about July to November, 2018, Charging Party provided commercial services to Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard.

(g)     At all material times, Respondent has been engaged in a labor dispute with the Charging Party.

(h)     At no material time has Respondent been in a labor dispute with Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Wilco Green, or Andy's Frozen Custard.

(i)     At no material time has Respondent been certified pursuant to Section 9 [29 U.S.C. Sec. 159] of the Act as the exclusive collective-bargaining representative of the employees of Charging Party.

(j) About late July or early August, 2018, Respondent, by an unknown agent, at the Settler's Hill dump site in Kane County, Illinois, appealed to and ordered individuals employed by Settler's Hill to interfere with unloading a Donegal Services truck in support of its dispute with Charging Party described above in paragraph 8(g).

(k) About July 17, 2018, Respondent, by unknown agents, at the Boughton Materials quarry, appealed to and ordered individuals employed by Boughton Materials to refuse to load Donegal Services truck in support of its dispute with Charging Party described above in paragraph 8(g).

(l)  About September 14, 2018, in support of its dispute with Charging Party described above in paragraph 8(g), Respondent, by Tony Deliberto, by telephone threatened Boughton Materials with picketing if Boughton continued to allow RSS to pick up material for Charging Party.

(m)  About mid-July 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Boughton Materials, and (ii) posted a banner which read, "Shame on Boughton Materials for harboring rat contractors."

(n)  Beginning about July 10, 2018, Respondent, by its agents, (i) posted a large, inflatable rat near the entrance of ECS's Bollingbrook and Elmhurst, Illinois, facilities, and (ii) posted a banner which read, "Shame on Elmhurst Chicago Stone for harboring rat contractors."

(o)  Since about July 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Wilco Green's Plainfield, Illinois, facility, and (ii) posted a banner which read, "Shame on Wilco Green for harboring rat contractors."

(p)  Beginning about August, 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Andy's Frozen Custard Bollingbrook, Oak Lawn, Naperville, and Countryside, Illinois, facilities, and (ii) posted a banner which read, "Shame on Andy's Frozen Custard for using rat contractors."

(q)  Beginning about September, 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Greenscape Homes' Warrenville, Illinois, facility, and (ii) posted a banner which read, "Shame on Greenscape Homes for using rat contractors."

(r)  Beginning in mid-November, 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Provencal Construction's Burr Ridge, Illinois, facility, and (ii) posted a banner which read, "Shame on Provencal Construction for using rat contractors."

(s)  Beginning about mid-November, 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Overstreet Builders' Naperville, Illinois, facility, and (ii) posted a banner which read, "Shame on Overstreet Builders for using rat contractors."

(t)  By the conduct set forth above in paragraphs 8(j) through (s), Respondent has induced or encouraged individuals employed by Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard., and other persons engaged in commerce or in an industry affecting commerce to strike, refuse to handle or work on goods and/or refuse to perform services, and has threatened, coerced, or restrained Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard and other persons engaged in commerce or in industries affecting commerce.

(u)  An object of Respondent's conduct described above in paragraphs 8(j) through (t) has been in part to force or require Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard, and other persons to cease handling or otherwise dealing in the products of, and to cease doing business with the Charging Party.

(v)  An object of Respondent's conduct described above in paragraphs 8(j) through (t) has been in part to force or require Charging Party to recognize or bargain with Respondent as the representative of Charging Party's employees even though Respondent has not been certified as the representative of the employees under the provisions of Section 9 [29 U.S.C. Sec. 159] of the Act.

(w) Since about July 11, 2018, Respondent, by its agents, picketed the Employer at its Lemont, Illinois, facility and at other locations with picket signs stating, "On Strike for Unfair Labor Practices: Donegal Services, LLC"

(x) Since about May, 2018, Respondent engaged in organizational activities among the Unit.

(y) Respondent engaged in the conduct set forth above in paragraph 8(w) in order to force or require the Employer to recognize and bargain with Respondent as the representative of certain employees of the Employer.

(z) At no material time has Respondent been certified by the Board as the collective-bargaining representative of the Charging Party's employees.

(aa) Respondent engaged in the conduct described above in paragraph 8(w), without a valid petition under Section 9(c) of the Act having been filed within a reasonable period of time from the commencement of the picketing described above in paragraph(w).

(bb) By the conduct described above in paragraphs 8(j) through (v), Respondent has been violating Section 8(b)(4)(i)(ii)(B) [29 U.S.C. Sec. 158(b)(4)(i)(ii)(B)] of the Act.

(cc) By the conduct described above in paragraph 8(w) through (aa), Respondent has been violating Section 8(b)(7)(C) of the Act.

(dd) The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) [29 U.S.C. Sec. 152(6) and (7)] of the Act.

(ee) The unfair labor practices of Respondent described above in paragraph 8(j) - (v) have taken place within this judicial district.

(ff) It may fairly be anticipated that, unless enjoined, Respondent will continue or repeat the acts and conduct described above in paragraphs 8(j) through (v), or similar or like acts

and conduct, in violation of Section 8(b)(4)(ii)(B) of the Act, affecting commerce within the meaning of Section 2(6) and (7) [29 U.S.C. Sec. 152(6) and (7)] of the Act. It is therefore essential, appropriate, and just and proper, for the purpose of effectuating the policies of the Act, and in accordance with the provisions of Section 10(l) thereof, that pending final administrative disposition of the matters involved herein now pending before the Board in NLRB Cases -13- CP-227526, 13-CC-227527 and 13-CC-231597 Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar acts and conduct, or repetitions thereof.

WHEREFORE, Petitioner prays for the following:

1. That the Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why a temporary injunction should not issue enjoining and restraining Respondent, its officers, agents, servants, employees, attorneys and all other persons acting in concert or participation with it or them, pending the final disposition of NLRB Cases 13-CP-227526, 13-CC-227527 and 13-CC-231597 now pending before the Board, from in any manner or by any means, threatening, coercing, or restraining Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard, including but not limited to, posting large inflatable rats and banners, where an object thereof is to force or require Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard to cease handling or otherwise dealing in the products or services of, or to cease doing business with Donegal Services, LLC.

2. That Respondent be ordered to post copies of the District Court's Opinion

and Order at Respondent's offices or facilities where notices to members are customarily posted, said posting to be maintained during the Board's administrative proceedings, free from all obstructions and defacements, and agents of the Board to be granted reasonable access to Respondent's offices or facilities to monitor compliance with the posting requirement.

     3. That Respondent within twenty (20) days of the issuance of this Order, file with the District Court, with a copy sent to the Regional Director of the Board for Region 13, a sworn affidavit from Respondent setting forth with specificity, the manner in which Respondent has complied with the terms of the Court's Order including how the documents have been posted as required by this Order.

     4. That the Court grant such further relief as may be just and proper.

     DATED at Chicago, Illinois, this 21st day of December, 2018.


        */s/Peter Sung Ohr*
        Peter Sung Ohr, Regional Director
        National Labor Relations Board
        Region 13
        219 South Dearborn, Suite 808
        Chicago, IL 60604

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the Petition for

Preliminary Injunction Under Section 10(l) of the National Labor Relations Act, have this 21st

day of December, 2018, been served by first class mail upon the following parties of record and

their counsel.

## FIRST CLASS MAIL

Jim Sweeney, President
Local 150, IUOE, AFL-CIO
6200 Joliet Road
Countryside, IL 60535

Melinda S. Hensel
Dale D. Pierson
IUOE, Local 150, AFL-CIO
Legal Department
6140 Joliet Road
Countryside, IL 60525-3956

Simon Bradley
Donegal Services, LLC.
13011 Grant Road
Lemont, IL 60439-9367

Scott A. Gore, Esq.
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, IL 60654-4688

Donegal Services, LLC
16 W. 277 83rd Street, Suite C
Burr Ridge, IL 60527-7951

Donegal Services, LLC.
P.O. 699
Lemont, IL 60439-0699

/s/ Kevin M. McCormick
Kevin M. McCormick
Counsel for Petitioner

National Labor Relations Board, Region 13
219 South Dearborn Street, Suite 808
Chicago, IL 60604
(312)353-7594

# Exhibit A

FORM NLRB-508
(6-18)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION**
**OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>13-CP-227526 | Date Filed<br>9/18/18 |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name<br>International Union of Operating Engineers, Local 150 | b. Union Representative to contact<br>Jim Sweeney | |
|---|---|---|
| c. Address *(Street, city, state, and ZIP code)*<br>6200 Joliet Road, Countryside, Illinois 60525 | d. Tel. No.<br>708 482-8800 | e. Cell No. |
| | f. Fax. No. | |
| | g. e-mail<br>JSweeney@Local150.org | |

h. The above-named labor organization has engaged in and is engaging in unfair labor practices within the meaning of section 8(b), subsections (1) and (list subsections) 8(b)(1) and 8(b) (7)(C) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
During the past 6 months and continuing to date, the above named labor organization has violated Section 8(b)(7) by picketing Donegal Services, LLC with an object of forcing or requiring Donegal Services, LLC to recognize or bargain with the above named labor organization as the representative of Donegal Services, LLC's employees and or forcing or requiring the employees of Donegal through various means of coercion to accept or select the above named labor organization as their collective- bargaining representative and such picketing has exceeded 30 days without filing a petition under Section 9(c) of the Act.

| 3. Name of Employer<br>Donegal Services, LLC. | 4a. Tel. No.<br>(630)321 8200 | b. Cell No.<br>708.277.4494 | c. Fax No. |
|---|---|---|---|
| | d. e-mail<br>simon@donegalexcavating.com | | |

| 5. Location of plant involved *(street, city, state and ZIP code)*<br>13011 Grant Rd<br>Lemont, IL 60439 | 6. Employer representative to contact<br>Simon Bradley |
|---|---|

| 7. Type of establishment *(factory, mine, wholesaler, etc.)*<br>Construction | 8. Identify principal product or service<br>Excavation and other services | 9. Number of workers employed<br>40 |
|---|---|---|

10. Full name of party filing charge
Donegal Services, LLC

| 11. Address of party filing charge *(street, city, state and ZIP code)*<br>16 W 277 83rd Street, Suite C Burr Ridge, Illinois 60527 | 11a. Tel. No.<br>630 321 8200 | b. Cell No. | c. Fax No. |
|---|---|---|---|
| | d. e-mail<br>flatoutsir@gmail.com | | |

| 12. DECLARATION<br>I declare that I have read the above charge and that the statements<br>are true to the best of my knowledge and belief.<br><br>_(signature of representative or person making charge)_     Scott A. Carl    _(Print/type name and title or office, if any)_<br><br>Laner Muchin<br>Address 515 N. State Street Suite 2800    Date 9/18/18 | Tel. No.<br>312-467-9800<br>Cell No.<br><br>Fax No.<br>312 467-9479<br>e-mail<br>scarl@Laner Muchin.com |
|---|---|

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

# Exhibit B

FORM NLRB-508
(6-18)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 13-CC-227527 | 9/18/18 |

**INSTRUCTIONS**: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name<br>International Union of Operating Engineers, Local 150 | b. Union Representative to contact<br>Jim Sweeney | |
|---|---|---|
| c. Address (Street, city, state, and ZIP code)<br>6200 Joliet Road, Countryside, Illinois 60525 | d. Tel. No.<br>708 482-8800 | e. Cell No. |
| | f. Fax. No. | |
| | g. e-mail<br>JSweeney@Local150.org | |

h. The above-named labor organization has engaged in and is engaging in unfair labor practices within the meaning of section 8(b), subsections (1) and

(list subsections) (4) of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices affecting commerce within the meaning of

the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)
During the past 6 months and continuing to date, the above named labor organization has violated Section 8(b)(4) of the Act by inducing or encouraging and coercing individuals including employees of other Employers to engage in, a strike, refuse to perform services for as well as refuse to process, transport, or otherwise handle or work on any goods for their Employers which is related to Donegal Services, LLC.

| 3. Name of Employer<br>Donegal Services, LLC. | 4a. Tel. No.<br>(630)321 8200 | b. Cell No.<br>708.277.4494 | c. Fax No. |
|---|---|---|---|
| | d. e-mail<br>simon@donegalexcavating.com | | |
| 5. Location of plant involved (street, city, state and ZIP code)<br>13011 Grant Rd<br>Lemont, IL 60439 | 6. Employer representative to contact<br>Simon Bradley | | |

| 7. Type of establishment (factory, mine, wholesaler, etc.)<br>Construction | 8. Identify principal product or service<br>Excavation and other services | 9. Number of workers employed<br>40 |
|---|---|---|

| 10. Full name of party filing charge<br>Donegal Services, LLC | | | |
|---|---|---|---|
| 11. Address of party filing charge (street, city, state and ZIP code)<br>16 W 277 83rd Street, Suite C Burr Ridge, Illinois 60527 | 11a. Tel. No.<br>630 321 8200 | b. Cell No. | c. Fax No. |
| | d. e-mail<br>flatoutsir@gmail.com | | |

### 12. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

_(signature of representative or person making charge)_

ScTT A. GoRe
_(Print/type name and title or office, if any)_

Cantor Muchin

Address 515 N. State Street Suite 2800     Date 7/18/18

Tel. No.
312 467-9800

Cell No.

Fax No.
312 467-9479

e-mail
sgore@lanermuchin.
com

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

# Exhibit C

INTERNET
FORM NLRB-508
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 13-CC-231597 | 11/26/18 |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name <br> International Union of Operating Engineers, Local 150 | b. Union Representative to contact <br> James Sweeney | |
| c. Address *(Street, city, state, and ZIP code)* <br> 6200 Joliet Road, Countryside, Illinois 60525 | d. Tel. No. <br> 708 482 8800 | e. Cell No. |
| | f. Fax No. <br> 708-482-7186 | g. e-Mail |

h. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) *(list subsections)* (4) _____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Within the past 6 months and continuing to date, the above named labor organization has violated Section 8(b)(4) of the Act by engaging in activity which is coercive including bannering and placing inflatable rats at various the sites of customers of Donegal Services including, Willco Green, St. Sophia Greek Orthodox Church, Provencal Construction, Overstreet Builders and other Companies with an object of forcing or requiring customers of Donegal Services to cease doing business with Donegal Services. Furthermore, the Union, through its agents have been threatening and coercing Donegal employees by violating State and Local laws when following Donegal employees to job sites.

| 3. Name of Employer <br> Donegal Services | 4a. Tel. No. <br> 630.321.8200 | b. Cell No. |
|---|---|---|
| | c. Fax No. | d. e-Mail <br> Simon@Donegalexcavating.com |

| 5. Location of plant involved *(street, city, state and ZIP code)* <br> 13011 Grant Road <br> Lemont, IL 60439 | 6. Employer representative to contact <br> Simon Bradley | |
|---|---|---|
| 7. Type of establishment *(factory, mine, wholesaler, etc.)* <br> Construction | 8. Identify principal product or service <br> Excavation, demolition | 9. Number of workers employed <br> 40 |

| 10. Full name of party filing charge <br> Scott A. Gore <br> Laner Muchin | 11a. Tel. No. <br> 312 467-9800 | b. Cell No. <br> 312 560 7377 |
|---|---|---|
| | c. Fax No. | d. e-Mail |
| 11. Address of party filing charge *(street, city, state and ZIP code.)* <br> Laner Muchin 515 N.State Street #2800 <br> Chicago, IL 60654 | 312-46709479 | |

| 12. DECLARATION | Tel. No. <br> 312 467 9800 |
|---|---|
| I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief. <br><br> By _____ Scott A. Gore, Esq. <br> *(signature of representative or person making charge)* *(Print/type name and title or office, if any)* <br><br> Laner Muchin <br> Address 515 N. State Street #2800 Chicago, IL 60654 _____ (date) 11/26/18 | Cell No. <br> 312 560 7377 |
| | Fax No. <br> 312 467 9479 |
| | e-Mail sgore@lanermuchin.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

# Exhibit D

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 13**

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 150

       **And**                          **Cases 13-CP-227526**
                                          **13-CC-227527**

DONEGAL SERVICES, LLC.                  **13-CC-231597**

**ORDER CONSOLIDATING CASES, CONSOLIDATED**
**COMPLAINT AND NOTICE OF HEARING**

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 13-CP-227526, 13-CC-227527, and 13-CC-231597, which are based on charges filed by Donegal Services, LLC, (Charging Party), against International Union of Operating Engineers, Local 150 (Respondent) are consolidated.

This Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq. and Section 102.15 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

I

(a)    The charge in Case 13-CP-227526 was filed by the Charging Party on September 18, 2018, and a copy was served on Respondent by U.S. mail on September 18, 2018.

(b)  The charge in Case 13-CC-227527 was filed by the Charging Party on September 18, 2018, and a copy was served on Respondent by U.S. mail on September 18, 2018.

(c)  The charge in Case 13-CC-231597 was filed by the Charging Party on November 26, 2018, and a copy was served on Respondent by U.S. mail on November 28, 2018.

II

(a)    At all material times, Charging Party, an Illinois Corporation with a principal business location in Lemont, Illinois, has been engaged in the business of residential demolition, excavating, sewer, and water.

(b)    During the past calendar year ending December 31, 2017, a representative period, Charging Party purchased and received at its Lemont, Illinois, facility goods valued in excess of $50,000 from points located outside of the State of Illinois.

(c)    At all material times, Charging Party has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

III

At all material times, Respondent has been a labor organization within the meaning of Section 2(5) of the Act.

IV

At all material times, Tony Deliberto, has served as a business agent for Respondent and has been an agent of Respondent within the meaning of Sections 2(13) and 8(b) of the Act.

V

(a) From about July to November, 2018, Charging Party provided commercial services to Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard.

(b) At all material times, Respondent has been engaged in a labor dispute with the Charging Party.

(c) At no material time has Respondent been in a labor dispute with Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Wilco Green, or Andy's Frozen Custard.

(d) At no material time has Respondent been certified pursuant to Section 9 of the Act as the exclusive collective-bargaining representative of the employees of Charging Party.

VI

(a) About late July or early August, 2018, Respondent, by an unknown agent, at the Settler's Hill dump site in Kane County, Illinois, appealed to and ordered individuals employed by Settler's Hill to interfere with unloading a Donegal Services truck in support of its dispute with Charging Party described above in paragraph V(b).

(b) About July 17, 2018, Respondent, by unknown agents, at the Boughton Materials quarry, appealed to and ordered individuals employed by Boughton Materials to refuse to load Donegal Services truck in support of its dispute with Charging Party described above in paragraph V(b).

(c) About September 14, 2018, in support of its dispute with Charging Party described above in paragraph V(b), Respondent, by Tony Deliberto, by telephone threatened Boughton Materials with picketing if Boughton continued to allow RSS to pick up material for Charging Party.

VII

(a) About mid-July 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Boughton Materials, and (ii) posted a banner which read, "Shame on Boughton Materials for harboring rat contractors."

2

(b)  Beginning in about July 10, 2018, Respondent, by its agents, (i) posted a large, inflatable rat near the entrance of ECS's Bolingbrook and Elmhurst, Illinois, facilities, and (ii) posted a banner which read, "Shame on Elmhurst Chicago Stone for harboring rat contractors."

(c)  Since about July 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Wilco Green's Plainfield, Illinois, facility, and (ii) posted a banner which read, "Shame on Wilco Green for harboring rat contractors."

(d)  Beginning in about August, 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Andy's Frozen Custard Bolingbrook, Oak Lawn, Naperville, and Countryside, Illinois, facilities, and (ii) posted a banner which read, "Shame on Andy's Frozen Custard for using rat contractors."

(e)  Beginning in September, 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Greenscape Homes' Warrenville, Illinois, facility, and (ii) posted a banner which read, "Shame on Greenscape Homes for using rat contractors."

(f)  Beginning in mid-November, 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Provencal Construction's Burr Ridge, Illinois, facility, and (ii) posted a banner which read, "Shame on Provencal Construction for using rat contractors."

(g)  Beginning in mid-November, 2018, Respondent, by its agents: (i) posted a large, inflatable rat near the entrance of Overstreet Builders' Naperville, Illinois, facility, and (ii) posted a banner which read, "Shame on Overstreet Builders for using rat contractors."

## VIII

By the conduct set forth above in paragraphs VI and VII, Respondent has induced or encouraged individuals employed by Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard., and other persons engaged in commerce or in an industry affecting commerce to strike, refuse to handle or work on goods and/or refuse to perform services, and has threatened, coerced, or restrained Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard and other persons engaged in commerce or in industries affecting commerce.

## IX

An object of Respondent's conduct described above in paragraphs VI, VII, and VIII has been in part to force or require Greenscape Homes, Provencal Construction, Overstreet Builders, Boughton Materials, Settler's Hill, Elmhurst Chicago Stone (ECS), Willco Green, and Andy's Frozen Custard, and other persons to cease handling or otherwise dealing in the products of, and to cease doing business with the Charging Party.

## X

An object of Respondent's conduct described above in paragraphs VI, VII, and VIII has been in part to force or require Charging Party to recognize or bargain with Respondent as the

representative of Charging Party's employees even though Respondent has not been certified as the representative of the employees under the provisions of Section 9 of the Act.

XI

(a)  Since about July 11, 2018, Respondent, by its agents, picketed the Employer at its Lemont, Illinois, facility and at other locations with picket signs stating, "On Strike for Unfair Labor Practices: Donegal Services, LLC"

(b)  Since about May, 2018, Respondent engaged in organizational activities among the Unit.

(c)  Respondent engaged in the conduct set forth above in paragraph XI(a) in order to force or require the Employer to recognize and bargain with Respondent as the representative of certain employees of the Employer.

(d)  At no material time has Respondent been certified by the Board as the collective-bargaining representative of the Charging Party's employees.

(e)  Respondent engaged in the conduct described above in paragraph XI(a), without a valid petition under Section 9(c) of the Act having been filed within a reasonable period of time from the commencement of the picketing described above in paragraph XI(a).

XII

By the conduct described above in paragraphs VI through X, Respondent has been violating Section 8(b)(4)(i)(ii)(B) of the Act.

XIII

By the conduct described above in paragraph XI, Respondent has been violating Section 8(b)(7)(C) of the Act.

XIV

The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before January 3, 2019, or postmarked on or before January 2, 2019**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents,** enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable

to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **January 16, 2019 at 10:00 a.m. at Dirksen Federal Building, 219 South Dearborn Street, Suite 808, Chicago, IL 60604,** and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated: this 20th day of December, 2018

*/s/ Peter Sung Ohr*
Peter Sung Ohr
Regional Director
National Labor Relations Board
Region 13
Dirksen Federal Building
219 South Dearborn Street, Suite 808
Chicago, IL 60604-2027

Attachments