UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER SUNG OHR, Regional Director of Region 13 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, <br><br> Petitioner, <br><br> v. <br><br> INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, <br><br> Respondent. | No. 18 C 8414 <br><br> Chief Judge Rubén Castillo |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, <br><br> Counter-Plaintiff <br><br> v. <br><br> PETER R. ROBB, General Counsel of the National Labor Relations Board, NATIONAL LABOR RELATIONS BOARD, and PETER SUNG OHR, <br><br> Counter-Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Counter-Defendants Peter Sung Ohr, Peter B. Robb and the National Labor Relations Board's Rule 12(b)(1) and 12(b)(6) motion to dismiss the counterclaim that the International Union of Operating Engineers, Local 150, AFL-CIO, has brought against them. (R. 33.) For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

The International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150") is engaged in a labor dispute with Donegal Services, LLC ("Donegal"), a construction and demolition company. (R. 17, Countercl. ¶ 4.) In the course of its dispute, Local 150 has engaged in various forms of protest activity at locations where Donegal does business. (*Id.* ¶ 5.) Specifically, it has displayed stationary inflatable rats and banners asserting that Donegal or one of its affiliates were harboring a "rat contractor." (*Id.* ¶¶ 4, 5.) Asserting that Local 150's actions were secondary boycott activities prohibited by the National Labor Relations Act ("NLRA"), Donegal and certain other businesses filed several unfair labor practices charges against the union before the National Labor Relations Board ("NLRB" or "Board"). (*Id.* ¶ 8.) Some charges against Local 150 were settled or dismissed, and additional others were filed and consolidated with those that remained pending. (*Id.* ¶¶ 8, 13, 14.)

Concluding that there is reasonable cause to believe that the unfair labor practice charges are true and that there is a likelihood of success on the merits, Peter Sung Ohr, the Regional Director of Region 13 of the NLRB (the "Director"), brought this action on behalf of the agency seeking injunctive relief against Local 150. (R. 1, Pet. Prelim. Inj.) Specifically, the Director seeks to enjoin Local 150 from its use of inflatable rats and stationary banners in the course of its labor disputes despite acknowledging that certain NLRB precedents would seem to allow it. (*Id.*; R. 16, Reply Supp. Pet. Prelim. Inj. at 11.) According to the Director, those cases were wrongly decided in that they departed from the Board's previous decisions and should be overruled. (R. 16, Reply Supp. Pet. Prelim. Inj. at 11.) Local 150 answered the preliminary injunction petition, denying that it engaged in unlawful secondary boycott activities and asserting that its use of stationary banners and inflatable rats in its protests is protected by well-settled First Amendment

and labor law. (R. 17, Answer & Countercl.) Local 150 also asserted a counterclaim against the Director, the NLRB, and the NLRB's General Counsel Peter B. Robb ("Robb") (collectively, "Counter-Defendants"), alleging that the filing of the underlying unfair labor practice complaint as well as this action for injunctive relief violated the union's free speech rights. (*Id.* at Countercl.) Specifically, Local 150 alleges that the NLRB deprived or is attempting to deprive Local 150 of its ability to communicate its labor dispute with Donegal and others by threatening to enjoin Local 150 for its use of the inflatable rat, filing "baseless complaints," filing a "baseless petition" for an injunction, and using its administrative process against the union. (*Id.* ¶ 19.) According to Local 150, its counterclaim arises under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. § 1983. (*Id.* ¶ 1.) It seeks an order enjoining the NLRB from unlawfully threatening or otherwise interfering with Local 150's rights to engage in constitutionally protected activity, prohibiting Local 150 from using its inflatable rat to communicate its labor dispute, and for compensatory and punitive damages and attorneys' fees. (*Id.* at 17.)

## PROCEDURAL HISTORY

This action began on December 1, 2018, with the Director's filing of a petition for preliminary injunctive relief pursuant to Section 10(l) of the NLRA, 29 U.S.C. § 160(l). (R. 1, Pet. Prelim. Inj.) Local 150 filed a brief in opposition that same day. (R. 4, Resp. to Pet. Prelim. Inj.) The Director amended the injunction petition a week later, providing additional allegations in support. (R. 12, Am. Pet. Prelim. Inj.) Local 150 answered the amended petition on January 8, 2019, and asserted a counterclaim. (R. 17, Answer & Countercl.) The Counter-Defendants now move to dismiss the counterclaim for lack of jurisdiction and failure to state a claim. (R. 33, Mot. Dismiss.) In the Counter-Defendants' view, Local 150 fails to state and cannot amend to state a

3

claim because the NLRA's provision of limited district court jurisdiction does not provide for the injunctive relief or monetary damages that Local 150 seeks. (*Id.*) Local 150 responded in opposition (R. 46, Resp.) and supplemented its response with additional authority. (R. 48, Suppl.) As Local 150 sees it, because it asserts a direct cause of action against the Counter-Defendants for deprivation of its First Amendment rights, it has established the Court's original jurisdiction under 28 U.S.C. § 1331. (R. 46, Resp.) The Counter-Defendants filed their reply (R. 61, Reply), and the motion is now ripe for resolution.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) asks the court to dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In deciding a motion to dismiss for lack of subject-matter jurisdiction, the Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The party invoking jurisdiction bears the burden of establishing that jurisdiction exists. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992). Even when a party does not raise the issue, "not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (quotation omitted); *accord Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

"A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (quotation and internal alteration omitted). On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all possible inferences in the pleader's favor. *Vesely v. Armslist LLC*, 762

4

F.3d 661, 664 (7th Cir. 2014). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but . . . need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (internal quotation omitted).

## ANALYSIS

A counterclaim to a petition for interim injunctive relief under 10(l) of the NLRA, 29 U.S.C. § 160(l), "must be viewed as an independent action challenging non-final Board action" and must rest on independent jurisdictional grounds. *See Squillacote v. Int'l Bhd. of Teamsters, Local 344*, 561 F.2d 31, 40 (7th Cir. 1977). Accordingly, Local 150 bears the burden of demonstrating that the Court has jurisdiction to hear the counterclaim it asserts. *See, e.g., Lujan*, 504 U.S. at 561.

According to the Counter-Defendants, Local 150 cannot meet its burden because of a long line of precedent that generally precludes district courts from reviewing or supervising the NLRB's administrative processes. (R. 33-1, Mem. Supp. Mot. Dismiss at 2.) As the Counter-Defendant observe, Section 10(l) of the NLRA provides the Court with limited subject-matter jurisdiction to enjoin a pending unfair labor practice while a complaint pends before the NLRB, but no jurisdiction to weigh the merits of the underlying dispute or to otherwise adjudicate the

propriety of the Board's action with regard to the handling of a complaint. (*Id.* at 4.) Counter-Defendants acknowledge that the Supreme Court articulated an exception to this rule in *Leedom v. Kyne*, 358 U.S. 184 (1958), but argue that Local 150 fails to meet it. (*Id.* at 9-14.) Instead, the Counter-Defendants say, Local 150 has an adequate opportunity to raise its constitutional challenge before the NLRB in disputing the unfair labor practice complaint, and if it is dissatisfied with the NLRB's resolution, before the U.S. Court of Appeals for the Seventh Circuit. (*Id.* at 13-14.) Moreover, they add, even if Local 150 could demonstrate the Court's subject-matter jurisdiction over the counterclaim, it nevertheless fails as insufficiently alleged and because the Fourteenth Amendment does not apply to the acts of a federal agency like the NLRB or its employees. (*Id.* at 15.)

According to Local 150, on the other hand, the Counter-Defendants misconstrue its claim in efforts to defeat it. (R. 46, Resp. at 10.) As Local 150 sees things, it does not ask this Court to enjoin the NLRB processes, noting that the handling of the unfair labor practice complaints has actually continued apace. (*Id.*) Instead, Local 150 argues, it only seeks to enjoin the NLRB from unconstitutionally enjoining the union's display of inflatable rats and banners though its filing of "serial injunction petitions threatened against it and others by the NLRB." (*Id.* at 9.) In Local 150's view, the Court has original jurisdiction under 29 U.S.C. § 1331 because the actions of the Counter-Defendants interfere and threaten interference with its First Amendment rights. (*Id.* at 9-10.) Further, Local 150 asserts, this same interference and corresponding First Amendment injury demonstrates why its claim meets the *Kyne* exception establishing the Court's jurisdiction. Although it asserts that it adequately states a First Amendment claim, Local 150 fails to address whether it states a Fifth Amendment claim and concedes the inapplicability of the Fourteenth Amendment to its claim. (R. 46, Resp.)

Notably, Local 150's opposition to the instant motion markedly narrows the scope of its counterclaim from its original broad request to enjoin Counter-Defendants from filing complaints, invoking administrative processes, filing injunction petitions, and threatening to enjoin Local 150's use of the inflatable rat (R. 17, Countercl. at ¶ 19), to its current request to enjoin only the filing of "serial injunction petitions." (R. 46, Resp. at 9.) Nevertheless, even in its narrower form, the Court readily concludes that it lacks the jurisdiction over Local 150's counterclaim.

The U.S. Supreme Court held more than 80 years ago that the district court lacks jurisdiction to enjoin the NLRB from adjudicating unfair labor practice complaints because Congress specifically vested such authority in the NLRB subject to judicial review by the circuit courts of appeals. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48, 50 (1938); *see also* 29 U.S.C. §§ 160(a), (e), (f). "It is well settled that district courts generally do not have jurisdiction to enjoin the National Labor Relations Board from conducting representation or unfair labor practice proceedings. Under Section 10 of the National Labor Relations Act (29 U.S.C. [section] 160), . . . the exclusive means of obtaining judicial review of Board rulings by an aggrieved party is in a court of appeals." *Grutka v. Barbour*, 549 F.2d 5, 7 (7th Cir. 1977).

Instead, the Court's authority in a Section 10(l) proceeding is only to determine whether the Board has reasonable cause to believe that the defendant has violated Section 8(b)(7)(C) of the NLRA, and whether the grant of injunctive relief is just and proper. *See Squillacote*, 561 F.2d at 33; 29 U.S.C. § 160(l). As both the Supreme Court and the Seventh Circuit have held, the opportunity for judicial review in the circuit courts of appeals affords parties like Local 150 with "an adequate opportunity to secure judicial protection against possible illegal action on the part

of the Board." *Myers*, 303 U.S. at 48; *Grutka*, 549 F.2d at 9 (NLRA's "statutory review procedures are fully adequate to protect the plaintiff's constitutional rights").

Local 150's arguments notwithstanding, the general federal question jurisdiction statute, 28 U.S.C. § 1331, does not does not enable it to "bypass the specific method that Congress has provided for reviewing adverse agency action." *Gen. Fin. Corp. v. Fed. Trade Comm'n*, 700 F.2d 366, 368 (7th Cir. 1983). Instead, "[T]he specific statutory method, if adequate, is exclusive." *Id.* This is so regardless of the heavy importance of the First Amendment rights Local 150 urges are at stake. It has long been settled in the Seventh Circuit that the assertion of a constitutional claim does not change this fundamental premise. *See Grutka*, 549 F.2d at 9; *Squillacote*, 561 F.2d at 38 ("[R]aising a constitutional issue concerning the Board's procedure, when judicial review is available in the courts of appeals, is insufficient to confer jurisdiction on the district court." (citing *Vapor Blast Mfg. v. Madden*, 280 F.2d 205, 208-09 (7th Cir. 1960)).)

Similarly, Local 150's counterclaim fails to meet the narrow exception set out in *Kyne*, 358 U.S. 184, to enable subject matter jurisdiction. In *Kyne*, a union challenged the NLRB's determination that a unit of both professional and nonprofessional employees was a "unit" for collective-bargaining purposes under the NLRA although there had not been the required vote, despite the NLRA's express provision that professional employees have the right to vote on their inclusion. *Kyne*, 358 U.S. at 185-86. Notably, the Board's determination was not otherwise subject to judicial review. *Id.* at 189. Based on these factors, the Supreme Court held that a district court could exercise jurisdiction under 28 U.S.C. § 1331 "to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." *Id.* at 188. The absence of federal court jurisdiction, it observed, "would mean a sacrifice or obliteration of a right" that had been assured by Congress "for there is no other means within

[the complaining party's] control . . . to protect and enforce that right." *Id.* at 190 (internal quotation omitted).

Here, on the other hand, Local 150 does not allege that the Counter-Defendants acted in plain violation of a "specific and unambiguous" provision of the NLRA or the Constitution. *See Squillacote*, 561 F.2d at 36. Indeed as Counter-Defendants emphasize, NLRB officials are required by Section 10(l) of the NLRA to seek temporary injunctive relief where an unfair labor practice charge alleges that a union has engaged in unlawful secondary activity targeting neutral entities and the Director has reasonable cause to believe that the charge is true and a complaint should issue. (R. 61, Reply at 3 (citing 29 U.S.C. § 160(l).) This is so despite Local 150's argument that the Counter-Defendants' position in this action and the in the underlying dispute conflict with certain NLRB precedent. As the Seventh Circuit has noted, questions of law should be passed upon in the first instance by the Board under the NLRA, subject to appellate review in the circuit court of appeals. *See Squillacote*, 561 F.2d at 35, n.6.

It is not the case that, without a finding of subject-matter jurisdiction, Local 150 will be left with no judicial review of its claim. To the contrary, the issue can be raised before the Seventh Circuit as provided by Section 10 of the NLRA. *See Squillacote*, 561 F.2d at 39 ("When judicial review before a court of appeals under [Section 10] will afford an opportunity to present the constitutional issue for judicial determination, any reason that would otherwise support inferring a remedy in addition to the exclusive one provided by Congress is greatly weakened."); *Grutka*, 549 F.2d at 9-10 (vacating injunction for lack of jurisdiction because "statutory review procedures are fully adequate to protect the plaintiff's constitutional rights"); *Vapor Blast Mfg.*, 280 F.2d at 208-09 (when judicial review is available in courts of appeals, constitutional challenge to board's procedure is insufficient to confer district court jurisdiction). As the Seventh

Circuit observed in *Squillacote*, the *Kyne* exception is grounded in "the unavailability under [Section] 10 of the Act of judicial review of the challenged Board action, with the result that denial of district court review would have resulted in loss of the right." *Squillacote*, 561 F.2d at 39; *accord Abercrombie v. Office of Comptroller of Currency*, 833 F.2d 672, 675 (7th Cir. 1987) (noting exception's availability only where agency takes "'blatantly lawless' action . . . in circumstances where no adequate alternative judicial remedy exists for the unlawful activity's victims"). There can be no "sacrifice or obliteration" of a right under *Kyne* where "a meaningful and adequate opportunity for judicial review" is available. *Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 43 (1991).

To be clear, this is not to say that Local 150 might not prevail in its First Amendment argument. Rather, the Court concludes only that its argument does not meet the *Kyne* exception to Section 10(l)'s jurisdictional bar. Notably, the Seventh Circuit expressly rejected a similar claim to Local 150's in holding that a district court may exercise jurisdiction over a statutory or constitutional counterclaim asserted in response to a Section 10(l) injunction petition only where the extraordinary *Kyne* circumstances of plain violation of right and unavailability of judicial review are present. *Squillacote*, 561 F.2d at 39. Because Local 150 is afforded the opportunity for Seventh Circuit review, the statutory procedure set out in the NLRA protects its constitutional rights. *See Squillacote*, 561 F.3d at 39; *Grutka*, 549 F.2d at 9.

Local 150 tries to avoid the weight of this authority, by arguing with reference to out-of-circuit authority that more recent decisions have "abandoned the usual level of deference paid to the Board in older cases such as *Squillacote*." (R. 46, Resp. at 10.) This argument fails for two reasons. First, this Court is bound by Seventh Circuit authority regardless of the conflicting view of other circuits, and second, Local 150's cited authorities do not speak to the jurisdictional issue

10

before the Court. Instead, they involve appellate review of First Amendment arguments in different postures. (*See* R. 16, Resp. at 10 (citing *Sheet Metal Workers Int'l Ass'n Local 15 v. NLRB*, 491 F.3d 429, 434 (D.C. Cir. 2007) (noting in appeal of NLRB's order barring union from picketing and threatening to picket that Board receives no deference in evaluating its order's consistency with Constitution) and *Overstreet v. United Bhd. of Carpenters*, 409 F.3d 1199, 1211-12 (9th Cir. 2005) (addressing First Amendment principles in appeal of district court's denial of preliminary injunction).) What level of deference is to be afforded the NLRB's determination is an issue for the Seventh Circuit and not this Court, and whether the grant of the Director's requested relief is just and proper does not impact whether jurisdiction may be had over Local 150's counterclaim. *See Squillacote*, 561 F.2d at 33 n. 2 (noting as-applied constitutional challenge is not "properly cognizable as a counterclaim in a § 10(l) proceeding."). Although Local 150 would prefer its challenge to be raised here and now, the judicial review that Congress has provided is sufficient to protect Local 150 if the Counter-Defendants' actions prove to be unlawful. *See Abercrombie*, 833 F.2d at 677.

Finally, Local 150's brief mention of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, also fails to establish subject-matter jurisdiction. "[T]he APA is not an independent grant of jurisdiction[.]" *Dhakal v. Sessions*, 895 F.3d 532, 538 (7th Cir. 2018) (citing *Califano v. Sanders*, 430 U.S. 99, 105 (1977)).

Accordingly, Local 150 has failed to establish this Court's subject-matter jurisdiction over its counterclaim, and the counterclaim is dismissed. Because the Court lacks jurisdiction, it declines to address the Counter-Defendants' remaining challenges to the adequacy of the counterclaim's allegations. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)

("Without jurisdiction . . . the only function remaining to the court is that of announcing the fact and dismissing the cause.").

## CONCLUSION

For the foregoing reasons, Counter-Defendants motion to dismiss the counterclaim (R. 33) is granted. The next status conference remains set for May 21, 2019, at 9:45 a.m.

ENTERED: _____
**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: May 15, 2019**